**10**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiff/Debtor
Virenda and Suman Mishra

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

IN THE MATTER OF

MISHRA, VIRENDA
MISHRA, SUMAN

Debtors, /

CASE NO. 11-46172-B-12J

MISHRA, VIRENDA
MISHRA, SUMAN

Plaintiffs,

v.

WELLS FAGO BANK, N.A.

Defendant. /

**ADVERSARY COMPLAINT:**
**1. BREACH OF CONTRACT**
**2. QUIET TITLE**
**3. VIOLATION OF C.C.C. 2941(d)**
**4. ATTORNEY FEES AND COSTS**

COMES NOW; Virenda and Suman Mishra, Plaintiffs in the instant adversary proceeding and Debtors in the underlying Chapter 12 bankruptcy case (hereinafter “Plaintiffs”), by and through their attorney of record, Peter G. Macaluso, and alleges as follows:

**I. <u>PRELIMINARY STATEMENT</u>**

In this instance, Defendant’s (hereinafter “Wells Fargo Bank, N.A.”) claim was valued and discharged in the Chapter 12, but

Defendant has failed to honor the Motion to Value, the confirmed plan, or the discharged claim.

**II. ALLEGATIONS OF JURISDICTION AND VENUE**

1. Plaintiffs filed a petition for relief under Chapter 12 of the Bankruptcy Code on November 3, 2011.

2. This adversary proceeding is brought in connection with Plaintiffs' underlying bankruptcy case under Chapter 12 of Title 11, case number 11-46172-B-12J.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. The complaint, as set forth herein, involves the voiding of the secured status of a claim pursuant to 11 U.S.C. § 506, and as such constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) & (L).

5. Plaintiffs contend that the cause of action pursuant to the California Civil Code in this matter are part of the core proceeding, as it would only arise, but for the initial order to value the collateral as well as the resulting confirmed and completed Chapter 12 Plan.

6. Plaintiffs further contends that the cause of action pursuant to the California Civil Code in this matter is not preempted by the bankruptcy code as the bankruptcy code does not provide a specific remedy at the time of this complaint being filed as the lien removal is a State law by-product of the Bankruptcy Court's determination that the defendant's security was rendered void at the completion of the Plan.

7. To the extent that any part of this matter is deemed non-

core, Plaintiffs consent to this Court rendering a final judgment.

**III. GENERAL ALLEGATIONS**

8. Plaintiffs' bankruptcy schedules state that the Plaintiffs' residence, commonly known as 7612 50th Ave., Sacramento, CA., 95828 (hereinafter "Subject Property"), had a fair market value of $40,000.00 as of the date the Chapter 12 case was filed.

9. There exists a first position note and deed of trust recorded in favor of Wachovia (hereinafter the "Senior Lien-Holder"). Pursuant to the Senior Lien-Holder's claim in the underlying case, the amount owing to the Senior Lien-Holder was $115,000.00 as of the date the Chapter 12 case was filed.

10. With a fair market value of $40,000.00, there is no equity value in excess of the first position note and deed of trust.

11. On January 11, 2012, the matter of the Motion to Value Collateral Of Wells Fargo Bank, N.A. [PGM-2] (Docket #20) (Exhibit #1) came before the Court and was granted (Docket #47) (Exhibit #2).

12. At the time of filing, Defendant held the second position note and deed of trust recorded against the Subject Property purporting to secure a promissory note with a total balance of $129,062.95 (hereinafter the "2nd Deed of Trust"), pursuant to the claim filed with the Court on March 20, 2013, in the above referenced bankruptcy proceeding.

13. The note provides for payment of attorney fees and costs to the prevailing party in the event of litigation.

14. Plaintiffs' confirmed Chapter 12 Plan provides that the

2nd Deed of Trust shall be void and stripped upon completion of the case (Exhibit #4).

15. Plaintiffs were discharged from their Chapter 12 case on April 17, 2017 (Exhibit #5).

16. Pursuant to 11 U.S.C. § 506(a), as of the date of filing of the underlying case, only the Senior Lien-Holder holds a secured claim against the Subject Property.

17. Plaintiff have completed their case and Defendant has not released their lien, despite the fact that Plaintiffs have requested the release of the lien.

18. Plaintiffs bring this action as a result of the failure of Defendant, Wells Fargo Bank, N.A., to reconvey their lien upon discharge, and the failure to reconvey the lien upon assumption of the deed of trust.

19. As there is no equity value in the Subject Property above the first position note and deed of trust, the deed of trust held by Defendant, Wells Fargo Bank, N.A., is wholly unsecured, i.e., the 2nd Deed of Trust is not secured by the Subject Property and has no value. See the Order Granting Motion to Value Collateral attached hereto as Exhibit #1.

**IV. PARTIES**

20. Plaintiffs, Virenda and Suman Mishra, are the debtors in the underlying bankruptcy case, case no. 11-46172-B-12J, and reside in the Subject Property, commonly known as: 12735 Cherokee Lane, Galt, CA 95632-8538, and the property at 7612 50th Ave., Sacramento, CA. 95828, is the debtors' rental.

21. Defendant, Wells Fargo Bank, N.A. ("Defendant"), is a

National Association that holds the 2nd Deed of Trust and note during the pendency of the Chapter 12 case and additionally have failed to properly release the deed of trust.

**V. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Breach of Contract**

22. Plaintiffs incorporate all of the above allegations as set forth herein at length.

23. By and through the 2nd Deed of Trust and the Note, Plaintiffs and Defendants entered into a written contract ("contract #1).

24. Plaintiffs allege that the Subject Property, including said Note became property of the bankruptcy estate upon the filing of the petition which commenced the underlying Chapter 12 case.

25. Plaintiff and Defendant formed a contract through the formation of a confirmed Chapter 12 plan.

26. Defendants breached the terms of both contracts when they failed to release their lien after satisfying the obligation by obtaining a Chapter 12 discharge.

27. As a direct and proximate result of Defendant's breaching the terms of the contract(s), Plaintiffs suffered damages.

**SECOND CAUSE OF ACTION**
**QUIET TITLE**
**[Code Civ. Proc. 760.040, 760.050]**

28. Plaintiffs incorporate all of the above paragraphs as set forth herein at length.

29. The real property at issue, commonly known as 7612 5oth Ave., Sacramento, CA 95828.

30. Under the applicable law, upon completion of Plaintiffs'

Chapter 12 plan, the Court has the authority to extinguish the 2nd Deed of Trust.

31. Plaintiffs have completed their Chapter 12 Plan.

32. Defendant has not reconveyed the 2nd Deed of Trust via a Deed of Reconveyance, a process required under California Law. Plaintiffs thus request judgment from the Court to void Defendant Wells Fargo Bank, N.A., second position deed of trust, recorded in Sacramento County, in a form allowing for recording with the Sacramento County Recorder.

33. As Defendant does not appear to honor the Court's order, Plaintiffs further seek that the value stated in the Order Granting Motion to Value the Subject Property, which ordered that the Defendant's 2nd Deed of Trust had a secured value of zero, is a final and non-appealable order.

34. Plaintiffs are informed and believe that the 2nd Deed of Trust is completely unsecured and under applicable law has been determined to be a general unsecured claim.

35. Under applicable law, upon completion of Plaintiffs' Chapter 12 Plan, the Court has the authority to void the 2nd Deed of Trust.

36. Plaintiffs request that any such judgment contain language consistent with a Deed of Reconveyance, which should have been recorded by Defendant, that directs that title be reconveyed and restored to Plaintiffs which includes "all right, title, and interest" acquired by said Deed of Trust to Defendant related to the Second Deed of Trust they hold.

37. As Defendant has not taken any action to remove the 2nd

Deed of Trust and Quiet Title, it calls into question whether Defendant believes it has been satisfied and discharged.

38. Plaintiffs seek, pursuant to F.R.B.P. § 4007(a) & (b), a determination that the debt has been fully discharged and any security interest voided and Quiet Title.

**THIRD CAUSE OF ACTION**

**Monetary Damages for Violation of California Civil Code § 2941(d)**

39. Plaintiffs incorporate all of the above allegations as set forth herein at length.

40. Plaintiffs completed their Chapter 12 Plan, which required the Defendant to reconvey the 2nd Deed of Trust on the Subject Property.

41. Defendant was placed on additional notice by the BNC's notification of the filing of the Trustee's final report after plan confirmation.

42. In spite of Plaintiffs' full compliance with the Court approved Chapter 12 plan, Defendants failed and refused, and continue to fail and refuse, to reconvey the 2nd Deed of Trust.

43. Defendant's actions in failing to release the 2nd Deed of Trust after it had been satisfied is a violation of California Civil Code Section 2941(d).

44. California Civil Code § 2941(b)(1) requires that within 30 days after an obligation secured by a deed of trust has been satisfied, the beneficiary or the assignee, Defendant herein, shall execute and deliver a full reconveyance. This did not happen.

45. More than thirty (30) days have elapsed from the date that the Plaintiffs received their discharge and Defendants have yet to reconvey the 2nd Deed of Trust.

46. Plaintiffs contend that their obligation under California Civil Code § 2941 was satisfied through the completion of their plan and upon the receipt of Chapter 12 discharge thereafter.

47. Defendants have a history of refusing to reconvey deeds of trust required to be removed upon completion of Chapter 12 cases and thereby it is commonplace that debtors are forced to file adversary proceedings to obtain reconveyances.

48. California Civil Code § 2941(d) provides that a violation of Civil Code § 2941 shall make the violator, the Defendant herein, liable to Plaintiffs for statutory penalty of $500.00.

49. As a proximate result of Defendants failure and refusal to comply with their obligation to reconvey the 2nd Deed of Trust, Plaintiffs have been required to file an adversary proceeding, at substantial cost, which is a direct breach of Defendants’ statutory duty and has damages Plaintiffs by this cost.

50. California Civil Code § 2941(d) provides that a violation of Civil Code § 2941 shall make the violator, the Defendants herein, liable to Plaintiffs for all damages sustained by Plaintiffs.

51. Plaintiffs hereby request damages, as allowed for in California Civil Code § 2941, equal to all attorneys fees and costs, as allowed for in the contract between the parties, they will sustain as a result of bringing an action to enforce California Civil Code § 2941 and a statutory penalty of $500.00.

**FOURTH CAUSE OF ACTION**
**(Attorney Fees and Costs)**

52. Plaintiffs incorporate all of the above allegations as set forth herein at length.

53. Plaintiffs are entitled attorney's fees by statute, California Civil Code § 2941, and pursuant to the terms of the contract between the parties.

54. Defendants breached the terms of the contract when Defendant failed to release its lien. By contract, the Note and 2nd Deed of Trust contain an attorney's fees and cost provision for the benefit of Defendants.

55. As such, under California Civil Code § 1717, a reciprocal contractual attorney's fees statute, Plaintiffs are entitled to reimbursement of attorney's fees.

56. By statute, pursuant to California Civil Code § 2941, Plaintiffs are entitled to attorneys fees as the prevailing party in this action.

57. Therefore, Plaintiff requests an award of attorney's fees in an amount the Court determines to be reasonable, as authorized by the provisions of the contract between the parties and pursuant to the California statues cited herein.

**VI. <u>REQUEST FOR JUDGMENTS AND ORDERS</u>**

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

a. That the Court issue a judgment holding the deed of trust recorded by Defendants to be an unsecured lien and therefore be treated as an unsecured claim;

b. That the Court issue a judgment holding that the deed of trust recorded by Defendants is extinguished and has no further force and effect as a secured lien against the Plaintiffs' real property commonly known as of 7612 50th

ave, Sacramento, CA 95828;

c. That the Court issue a judgment in a format allowed for recording that voids the 2nd Deed of Trust.

d. For attorney's fees and costs as allowed for in the contract between Plaintiffs and Defendants and pursuant to California Civil Code § 2941.

e. For damages pursuant to Breach of Contract.

f. For a statutory penalty of $500.00 pursuant to California Civil Code § 2941.

g. For all costs of suit incurred in this action including attorney's fees; and

h. For such other and further relief as the Court deems just and proper.

i. That Plaintiffs have such other and further relief as may be deemed just.

Respectfully submitted,

DATED: August 8, 2017

/s/Peter G. Macaluso
Peter G. Macaluso
Attorney for Plaintiff